Okay Mr. Kohler you may proceed. Thank you Your Honor. Good morning. I think I'm still before. You've got like one minute. Good morning. May it please the court. My name is David Kohler and I represent the appellant Sophia Hayes. Do you want to reserve any time sir? Do you want to reserve any rebuttal time? Yes, three minutes for rebuttal please may I reserve. Thank you. The issue, two issues Your Honor. Is this email Wednesday, March 11, 2020 considered a notice of right to sue? And my position is that it is not. If you look at the very language of what the investigator wrote, it states that she's going to be in the future issuing a dismissal and notice of rights, which will enable my client to file within 90 days. There's no dispute as the FOIA documents show that I received this because I actually responded to it. Right here, but before we get into emails and what they might mean, let me ask you just a quick question. You asserted and I think there were affidavits that said we never got the mail because because the inspector said that mail went out like physical mail went out on the 11th of March. Is there a, do we, is it, is it enough for a party to say in the face of the mail going out? I just didn't get it. To defeat a statute, a statutory statute of limitations. At summary judgment, absolutely. You know, my client didn't get it. My office didn't get it. It was March 11th of 2020. So I have to bring up COVID. But if you look at the framework of the way the law operates, the untimeliness of the filing is a defense that the defendant has to prove. They have to show that I received it. What they can't, nothing in this record is an email that now the EEOC has modernized a little bit. And that none of these cases that are cited are on point with this case. I don't want to like be bold. There are, there are, there are district court cases. There are district court cases that say there's the, there's the, what is it? The McNaney case out of the Western District. There's the Pan, Panconi District, Panconi District case out of this district, Eastern District of Pennsylvania, where the courts have said lawyers are, are obligated at a certain level of professionalism to pay attention to that. The EEOC told you, put you on notice that there was a decision, told you how to get in and check the portal. And, and in the, in the words of the McNaney case is adopted by the, by the Panaconi case. It is not asking too much of attorneys who practice before these courts and agencies to acquire the necessary electronic credentials to access such filings. And when provided notice of an action by email, open the link at the access dot, to access the document. So the, those are cases that seem to speak to this kind of circumstance. It didn't say, I'm, I take your argument that it didn't say this is the right to sue letter. It said it, you will receive, you, that will be issued. But should, could we read Panaconi and McNaney to be saying you were on notice and you were supposed to go to the portal? I mean, I appreciate that you recognize the distinction of those cases. Both of those cases from 2022 have the email that says the notice has been issued. I have the email that says we will be issuing a notice that frankly, for what it's worth, I don't think it was ever issued because the EEOC stopped issuing right to sue notices in the end of March of 2020 because of COVID. And I mean, they, they issued a statement there and it's not the first time that the EEOC says they mailed something and they didn't. So those are the closest cases on point, but they're not on point because the, the notices that those lawyers received are saying that the right to sue has been issued. So I agree. We get those notices now all the time. When we get them, I have a procedure in place. I don't personally do it, but my law clerks and my paralegals do. I get the notice. An important document has been uploaded in charge number, blah, blah, blah. It doesn't state the name of the case still. The portal has a long way to go. So I don't have the time with the volume to go. So I forward it to my, to my paralegal and I say, what is this? Literally every email, what is this? He goes in, clicks on it and says, Dave, it's the right to sue letter. And so in those two cases, that absolutely triggers the 90 days. I believe that I'm allowed to rely on an investigator who tells me that it's going to be issued. I mean, I guess looking back, if I'm candid with the court, five months before you do something, right? Right. But that is what you have to understand as a practitioner is the EEOC portal. And this is where it's kind of like a side issue. But I want the justices to know what we experience as practitioners. The EEOC portal was only implemented in 2017. I registered as a user mandatory in 2019. The old way up until like 2020 even, because I believe that these two, these right to sue letters were mailed. They say that they were mailed to my client and me, was mailing. So I would check the mail every day, open it. I had like a Bible of a binder that I, I scan it, I put it in, I calendar it in seven different places. And I have this docket, like my wife was like, why do you walk around with that binder? I said, because if I don't file something in 90 days, so they transitioned to the portal. The portal, I say this with respect to my colleagues who I've known for 23 years practicing before the EEOC on almost on a daily basis. It's a mess. So I would tell you, is it my obligation every day to spend out? So what you're saying is when we look at constructive notice doctrines, we have to look at the, the capacities of the portal. And the more capacities that the portal have, maybe the more you or your client would be on constructive notice. But the worst, the interface, I think what you're saying is, hey look, constructive notice is based on reasonableness. When I get docs, I don't even know the title. I don't have a, you know, I don't have everything I need. You know, that's just a different level of, that's just a, just a different level of diligence that's needed. I shouldn't have to take an investigator's email and then go search the portal myself. And that's what's, that's what's at issue in this case, right? You didn't get an email like you described with just a link on it, right? Did you? So if you got the email at the link, then kind of, you know, shame on you probably. But you got an email from an investigator. Your client got an email from an investigator. I forget if you're on it or not. Yeah, you're on it. Do you have to go to the portal yourself? At some point in time, there's no link on this one. Our cases talk about the ease of pressing a link. Do you have to go, do you have to go to that portal yourself? Right. That question is, does the law require you to go to that portal yourself when you get this sort of thing? And what you're saying is, the portal's a mess. No one wants to go there unless they have to, especially without a link. And it's unfair to read the laws doing that. Especially, Your Honor, in the transition period when now, today, I'll probably go back to my office and have a couple of emails like the case that your colleague Judge Jordan cited, the McNaney case and the Panaconi case. I'll have those emails that say an important document has been uploaded. So when I get done today, I'm going to forward those to my paralegal. He's going to look at them and say, okay, Dave, that's the right to sue. We have an agreement. I think many members of the bar would be in outrage if they realized that ECF imposed on them an affirmative obligation to scour the docket. The goal was, no, we need those. We need the notice. We need the link. And so with this case, so that's a little bit of just historical backdrop, personal historical backdrop. But I guess my question then comes down to this. Is there any case that has said that when you get a separate email, but not to click the link, that that provides constructive notice? No, there's not. Not that I'm aware of. So this would be the high watermark of constructive notice? I don't, yes, exactly. You don't want it to be, but it could be if we rule against you. Right. But I'm passionate about this, Your Honor, because I just, it's just unrealistic to, like, I'm allowed to trust an investigator that she's going to do her job. I've had hundreds of cases before Unique Austin. I really think it was never mailed out. I think that COVID happened, there was a shutdown, and it wasn't received. Now, I mean, looking back, do I have to go and... Assume the physical mailing didn't happen, okay? And we take your affidavit and your client's affidavit and say, okay, they didn't get it. It's interesting because the, I think the statute actually talks in terms of the EEOC giving notice within 90 days of giving notice, not so much within receiving notice. But the case law talks about receiving notice. Right. You have to get a right to sue letter or that you get notice of the denial. Do you understand what I'm saying? I do. So the cases that have been presented to the court do state that, like, for example, oral notice. Like, there's a case where there was a telephone call. Right. But again, the difference there is it had been issued. Well, when you say it had been issued... The right to sue. That's the question. Is the thing that triggers it in Ball and the thing that triggers it in Ebert, or in Ebert they said it wasn't enough, but theoretically you could have one that was enough to trigger it. Is it the information that they give you that says, hey, we're telling you you're denied? And in Ball that was viewed as, by the Sixth Circuit, that's good enough. In other words, whether they did some second step, some different thing for you, why wouldn't it be enough for you to be on notice? They have dismissed this. Because I think, I have to be able to believe my own eyes. And the investigator wrote something that, you know, the lower court's saying we're not accepting. And if this email, Your Honor, from Unique Austin said we are closing the case, you have 90 days to file, then my answer is that's a right to sue. That's notice. Can I just tease out that hypothetical more? If the email stopped with the first sentence of paragraph two, so it just said review of the available evidence does not establish a violation of the statute, and then we excise the rest of paragraph two and we regret we couldn't be of further service to you in the matter, that would probably, under the case law, let you know that you lost. You got a right to sue. Because what you need to know is that they've solved it. So if it stopped there, right, you kind of have to say, case law says that's good enough. Your Honor, I agree with you. And I really, as a practitioner, just again being candid to this court, I wait for, you know, this two-page document, which is appendix 163 and 164, which is the actual document that's called dismissal and notice of rights. But I agree with you that the case law, if I got that email that ended with that first sentence, I probably would have diary. That's the notice I need. Exactly. I'm surprised to hear you agree with that, because doesn't the case law say that you have to be told when the 90 days starts to run? It does. I mean, that would be incomplete. I probably would have followed up and said, am I getting a right? You're right. It needs to, because that's part of the defendant's argument. The defendant's argument says it doesn't have to be in the form of writing, and as long as they tell you 90 days of your receipt. So I see your point, but if I got something like that that didn't have, I don't know if contradiction is the right word, but like instruction that I'm going to get something that I never got, and then I can rely, I should be able to rely on that. That's what I'm saying. And so if I hear what you're saying, it's that, hey, if they just would have stopped at sentence one, that probably suffices under the case law to give notice. But then they begin to send you mixed messages, especially in the last paragraph, the last sentence of that second paragraph. We will issue the notice of rights, which will enable you, which again seems to suggest that the notice of rights has legal significance independent of anything in this. And so it's that last sentence that now begins to say, I just got a mixed message. You mixed the message up for me and for my client. I don't know what you're thinking. Are we supposed to say to you and your client, no, you knew, first sentence is good enough, you knew. The mixed message isn't a strong enough mixed message. You knew. Are we supposed – can we say to you and your client, oh, come on, you've been practicing this for a long time. You know that the notice to sue letter isn't the only thing that starts the 90 days. And so this isn't that it might look like a mixed message to your client, but it's not a mixed message to you, or I guess it only goes to you. It's not that much of a mixed message. I mean, if it's a mixed message, you might win, but maybe you should know better because the first sentence usually suffices. What do you think? To me, Your Honor, and I appreciate where you're coming from, and perhaps I was too agreeable to your hypothetical, but as a practitioner, you really, really rely on the information that you're provided from the agency. Most of the time, we get the notice of right to sue letter. So not to have you walk back the hypothetical answer, but maybe what you're saying is, look, I didn't get the right to sue letter. I didn't get the doc I normally look for, the one that you held up, the FOIA one that you held up. I didn't get that. And that's option 1A. I'm down here on option 1B, and it's a little bit of a mixed message. So before you want me to start relying on option 1B, you know, I didn't even get 1A, or at least I'd say it's maybe a genuine issue material fact I got 1A at this stage. Right, and that's my point. Like, I'm not submitting affidavits that are, like, not truthful, and, you know, I expected the right to sue letter to come. I mean, if I'm, again, being completely candid with the court, I mean, I guess I have to figure... Two things I want to say because my time's up. I think I have to figure out a way to now, you know, you've got to figure out a way to be practical and real about your practice, but also mindful that these issues could happen. Like, I just assumed that the right to sue would be issued probably five months with the EEOC portal unless advances are made. I probably have to figure out a way to hire someone so that I have someone scrolling through it, no search bar, all that stuff. So I think that... But the bottom line is, in this case, I think that absent a document that's not in the record that shows receipt of the right to sue, if this happened... This is not the right to sue, in my opinion. I think that as soon as we received it, we acted within 90 days, and I think that absent the employer producing evidence to show that I received it, they can't. They're just arguing because it doesn't exist. They're arguing that this is the right to sue. Mr. Kohler, you said a few minutes ago that when you receive a right to sue letter, you calendar it in seven different places, right? So let's assume that was hyperbolic, but you calendar it, right? If you had received this email in the hypothetical situation where it ends after the first sentence of paragraph two, what date would you put in your calendar? I would not put a day in my calendar, if I'm being honest, because... Well, then, but you told us that that... My understanding of your response to Judge Phipps' question was that this... Yeah, now I would, now I would. But a couple years ago, at the time, I would have... Because you have to understand what happens. An email like this, my interpretation of practicing in this area of law for 23 years is it has to go to the regional director and get approved. There are occasions where it comes back and they say, they rescind right to sue letters. They didn't even issue one here, but they rescind them. It gets reversed. They come back and they say, we have to conduct further investigation. So now I'm going to say, shoot, I better do something with this, call the investigator. But if I called her, she would have said, we're going to issue the right to sue. It just never was issued. To answer your question, at that time, I wouldn't have calendared it because I would be waiting for a more comprehensive notice and something that's... I received in 98% of cases, which is the actual document, dismissal notice of rights, which actually has your notice of rights on it. Can I ask just a practical question? Sure. This is on summary judgment. And you're saying this is enough to beat summary judgment. Does that mean that there's still an argument to be made, a fact question to be asserted to a jury about whether or not you blew the statute of limitations on this and are not entitled to relief? In other words, you get past summary judgment, but is that then a fact question about whether you got notice or not? Yes. Okay. And how does that, not to be indelicate, but how does that work? Just as a practical matter. I'm trying to think this through. Do you become a witness? Does somebody else come in and represent your client and you're the witness that has to get on the stand and say, this is how it played out? That's it. Have you had anything like this ever happen before where you had to defend this? And how do you make that case? I have had it happen before, Your Honor, a couple of years ago. But when it was the old way of doing it, where we get the right to sue, and I put it on the binder and then hyperbole put it in seven different places and carry that thing around to me with dinner. But a judge at the district court, in this district court, actually held an evidentiary hearing. And we had Karen McDonough, who was the EEOC, I don't want to, she was a higher level at the EEOC. She testified about the right to sue process. In this case, the way I envisioned it is I would propose a stipulation that I am, neither my client nor I received the actual document that I'm holding here, which is appendix 163 and 164, the dismissal notice of rights. And then I imagine that we would call Unique Austin in and or someone from the EEOC or a custodian. Is this before a jury? Because the ethical rules, most states' ethical rules have the advocate witness rule, which says you can't be an advocate and a witness in the same proceeding. It's a little tricky. And maybe courts waive that if it's a bench proceeding. But if it's before a jury, I mean, the advocate witness rule is kind of apogee there. Because, you know, you can't be an advocate and a witness in the same case. It's a big no-no, at least under most states' ethical rules. And I don't mean to put you in a bind, Mr. Cole. We're not trying to, I mean, the question in front of us is just strictly was summary judgment properly given or not. I guess down the road is when you'll have to address these things. But it's hard for me to, it's hard for me to understand how this plays out. Maybe the answer is I don't have to worry about that. Yeah. And I would, I mean, to Your Honor's points, I mean, maybe I have to have a colleague try the case if I need to testify or if, you know, that's an issue. To me, the, you know, the bigger issue, which is why I started with it, is a document that says you're going to get the right to sue. We got the right to sue. Thank you, Your Honor. We'll have you back for rebuttal. Thank you very much. We'll hear from counsel for the New Jersey Department of Human Services. Good. I think we're at the afternoon now. Good afternoon, Your Honors. May it please the Court. My name is James Duttara. I'm here today with the privilege of representing the New Jersey Department of Human Services. This is a case, or an appeal, I should say, as Your Honors are aware, that comes down to what counts as notice. It's all about notice. Yeah. So let's get right into it. You say in your brief, and this, you know, answering brief, and this is what made me think at first, oh, there's, maybe there's a real issue here. There's a real problem here. If I look at your answering brief at page 6 and 7, you say, the federal investigator, Unique Austin, emailed Hays Council and advised that the evidence in the case did not establish a violation. Investigator Austin further advised that the matter was being closed and indicated that a lawsuit could be filed within 90 days of receipt of notice. When I look at the actual email, I don't understand, Mr. Duttara, why you or whoever wrote this said what they said. Because I don't see in here, what I read is not Inspector Austin advising that the matter, or indicating that the lawsuit could be filed within 90 days. It looks like what's being said is, we're going to send you something, and then that will enable you to file suit within 90 days of your receipt of that notice. Not this notice, of that notice, the thing we're going to send you. So, if we're at summary judgment, we're drawing every inference in favor of the person opposing it, why doesn't that reading of this email mean Mr. Kohler's exactly right in saying, well, this isn't notice. This thing is not notice. Well, I think we have to start with the statute itself, which nowhere mentions the phrase right to sue letter, or notice of right to sue letter. The statute itself says, if a charge is dismissed by the EEOC, and there's some other examples, the EEOC shall so notify, and within 90 days of said notice, and I'm eliding some other examples that are not examples, circumstances in this, but if a charge is dismissed by the EEOC, they shall so notify, and within 90 days of said notice, a suit can be filed. So, the only notification that needs to be given is that the charge is dismissed, that a decision has been reached. Well, then, why don't you help us with that? Is there, what in this email tells you that it is dismissed? The only place where it says dismissal is where it says, we will issue you a dismissal and notice of rights. Not that this is the dismissal and notice of rights, but we're going to do that. It's a, and if you could excuse me, when I moved up to my table, I think I stuck that actual email, and I just want to have it in front of me so I don't misquote it. If I could just grab it from, thank you. Thank you. I certainly don't want to misread it. It is the first sentence of the second paragraph where Ms. Austin writes, review of the available evidence does not establish a violation of the statute. That is in fact what that says. Yes, and that is that we have concluded. Is that a dismissal? That is a dismissal. That is. Where do you get that? I could say, I think your case is no good. Is that the same as me saying, and I dismiss your case? Well, I don't think an investigator is simply saying, I don't think your case is any good. We don't have to guess what the investigator is saying. You just read it. Right, review of the. It doesn't say, your case is dismissed. It says, review of the available evidence does not establish a violation of the statute. And that's to say, this is a dismissal. So I guess I'm asking you very bluntly, do you have a case that says that language like that, language exactly like that, in an isolation, means this case is dismissed and closed? No, I don't believe there's a case that uses that specific language. That is language that appears in the formal form of a notice of right to sue used by the EEOC, that the evidence does not establish a violation of the statute. That's the language that's used. And what our cases don't, the cases that apply, Everett and the other ones, don't establish any type of magic words. They talk about when they are notified. Well, there's one magic word. Is it sort of the magic word dismissed? Like, your case is dismissed. Until the case is dismissed, it's not dismissed. I don't know that I would agree in practice that there is a distinction between that. As someone that practices in this area of the law, when the EEOC finds that there is not reasonable, that the available evidence doesn't establish a violation of the statute, that is the end of their inquiry. They are, have finished their investigation. So since we're focused on notice, let's just say we have that first sentence of the second paragraph, review of the available evidence does not establish a violation of the statute. Let's just say there's one more sentence in that paragraph and says, the matter has not yet been dismissed. Unusual, right? Maybe unusual, but unusual. But if it said that, that second sentence, that hypothesized second sentence would give, would really, really, really change how we would read the first sentence, right? It could. And I think the absence of that sentence here, that hypothetical sentence is telling. Well, I mean, what's interesting is you have this last sentence that's kind of close to that hypothesized second sentence, right? It says, for this reason, we will issue a dismissal and notice of rights, indicating that there hasn't been a dismissal yet. And then if there's any doubt, there's a proffer of the legal significance of what will be coming, which will enable you to file suit within 90 days of your receipt of not this email, but that notice. And so does that, I mean, you know, I get that the first sentence may be sufficient in a minimally, minimally sense of the word. But when you begin to color that with other sentences, isn't that too much of a mixed message to constitute actual notice? Actual notice can't be mixed message. I don't believe it is a mixed message. It is a, we have concluded the investigation. It does not establish a violation. We will send you a letter. I mean, if someone. It doesn't say we will send you a letter. It says we will send you a notice of dismissal. Okay. And then after it says we will send you a notice of dismissal, which certainly implies this is not the notice of dismissal, then that will enable you to do something within 90 days of that notice. Not this notice, that notice. That's what it says. So that's what you've got to speak to. Oh, absolutely, Your Honor. But I don't believe that that final sentence really changes the meaning in any substantial way in terms of notice being given. If someone calls and tells me that, you know, if I apply for a job and someone calls and says you're the successful candidate, we're offering you a job, this is great. Here's the salary. Here's everything. We're going to send you an offer letter to confirm it. I've been offered the job. I mean, I can bring a breach of contract clean. Yes, there's a, you know, for an ideal situation. It doesn't really seem to me like an apples-to-apples comparison, Mr. Dutterer. I think a better comparison would be if someone called and said to you, you know what, we've got your application and we've got some concerns about it. But we're, you know, I think it's still promising. We're going to send you a letter with a formal offer if we get past that. I mean, the first sentence says what it says, but it doesn't say dismissal. It says this isn't supported. Respectfully, Your Honor, I think that is an apples-to-oranges comparison. That would be as if the last sentence said, assuming we don't find anything else in our investigation, we'll issue a notice. And that's not what it says here. It says just let's try to localize this agreement, the dispute. You agree that notice that would send mixed message wouldn't be adequate notice, right? Like that legal principle is there. If the first sentence said review the available evidence, does not establish, violates the statute, absolutely nothing about this notice constitutes a right to sue letter or the dismissal needed under the statute. Nothing about this is, you know, every now and then you see that on e-mails where it says this is not tax advice. You know, attorneys send this all the time. And so the answer is if it had that huge disclaimer in larger font, all bold, you'd have to say okay, right? In theory, mixed message can't be noticed, right? You're with me on in theory, right? I'm not sure that I am, respectfully, Your Honor, because I think that an investigator at the EEOC can't change what Congress has detailed with this. But the investigator can tell you something, can tell you what the EEOC has done. I mean, I've seen people fight hypotheticals before, Mr. Dutter, but you are loaded up for this, because my colleague has just said that if the investigator says in plain terms this is not a dismissal, you would still say that's a dismissal. I mean, what is, how do you envision notice? What do you think notice means if the notice, to quote notice, actually says whatever else this is, it's not notice of a dismissal? Doesn't that have to mean it's not notice of a dismissal? Perhaps, and forgive me if I did, but perhaps I misheard the hypothetical and I heard disclaimers, but I didn't hear the exact this is not. I think if that was given, then the question becomes in the situation and the facts there, is it considered notice? And this gets to, and the reason I'm hesitating is. Yeah, I'm glad to hear this. Sure. The reason you're hesitating. Is because Everett itself draws a distinction where Everett was unrepresented and pointed out that an unrepresented, that a counsel, someone who has counsel who practices in this area, is expected to be familiar with the law and familiar with the statutes. And that is what comes up in some other cases. It's what other circuits have said, including. And so when we look at notice, I mean, is notice an objective standard? I mean, in the sense of what should work for a pro se litigant, shouldn't that work for a counsel litigant? Or are we going to say no, if we send it to your counsel, we can get by with way less notice? Well, I believe that. It feels like the statute contemplates one form of notice for everybody, not good enough for pro se people, good enough for the, you know, most seasoned counsel ever. Right. The case law in the Third Circuit, though, does draw a distinction between, say, Ms. Everett, who was not represented by counsel, and as it said later, if there was, this is also an Everett, counsel is presumed to have knowledge of the contents of a typical right to sue letter or felt to understand the need to inquire. You're quoting part of a quotation from Ball where, in that footnote, there was a whole series of things that the court was saying, look, we don't know what was going on in the minds of the Sixth Circuit when they did what they did and said a phone call was good enough. Maybe it was this, and perhaps it was this, and perhaps it was the other thing. Perhaps they thought it was enough for a lawyer to think that. But you've got to do some pretty hard twisting to turn that into the holding of Ebert. It was us speculating in a footnote about what the Sixth Circuit might have been thinking about in a different case. So how does that turn into the law of the Third Circuit? Well, I mean, I believe that this court did reference Ms. Ebert's unrepresented status in considering that what she was told was not sufficient. And that's similar to what other – So you think this circuit had resolved that there's two tiers of notice under the employment statutes, the federal employment statutes, one for unrepresented people, and then one tier of notice for counsel? I think the question is whether the party is on actual notice, and if there is an attorney who's presumed to be familiar with it, then actual notice – And whether that works, but if a person's not familiar with it, then more notice has to be given? I think actual notice is actual notice, but the facts that could give actual notice would be different whether someone is represented or not. So if this email were not sent to Mr. Kohler but his client, would you concede that this is an actual notice? I think that would be a different case. Yeah, I know. No, no, it's hypothetical. Yeah, yeah. It is hypothetical. It is a different case, 100%. But would you concede that this doesn't cut it if it didn't go – if it went directly to a client? If this went to someone who was unrepresented, I think that the mixed messages would certainly give a much stronger argument that that person is not on there. But embedded in your answer is, look, there are two tiers. There are two tiers of notice as you read the federal Title VII provisions, the 42 U.S.C. provisions. I look at it as the application of facts to it. I think the verbalization that the actual notice is needed is the same throughout, but what facts may give rise to that is two tiers. Real quickly, Mr. Kohler, how would this play out in the real world? Assuming we thought, now wait a second, this is enough to get past summary judgment, what happens next? Does this get presented to a jury? Your Honor, that's an area that I have some of the same questions that this panel proffered to appellants' counsel in terms of disqualification. Is it a question for the jury? Is it a hearing outside the presence of the jury? I candidly have a lot of questions on that. I haven't given it an extensive amount of thought beyond that, but I think it's at least an open question as to how that would be handled. I see that my time is up. I did want to inquire if your honors had any questions for me as to constructive notice, because even if this email itself is not considered actual notice, it's undisputed that this notice was put in the portal that counsel and the plaintiff themselves, the appellant themselves, had access to the portal and had access to it before and took no steps for 169 days after being told that this is coming. No, we got your briefing on that. Do you have anything? Okay, thanks, Mr. Dudley. We'll hear from Mr. Kohler on this item. Thank you, your honors. Thank you, your honors. Just briefly a couple of points. I actually wrote down that there's no evidence in this record that it was posted on the portal. So when counsel represents it, it's undisputed it was in the portal. I haven't seen anything showing that it was in the portal. Well, when you say there's no evidence, I thought that a supervisor at the EEOC said this was posted the same day. Indeed, said it in an email or in a response to someone from your office. That's evidence. Right. That's the best that's there. There's an email. I mean, we also have an email saying a notice of right to sue will be issued. But there's some evidence. There's no evidence. Right. You know, in terms of it being there and available, that's what I meant, your honors. So I think, you know, in terms of the Ebert case and distinguishing that about counsel or not having counsel, if this – it's the ambiguity that is my issue here. If this clearly said that it was a dismissal and you have 90 days and there's clear notice, then it matters that you're represented by counsel. I would have had no issues with it. Again, I'm allowed to believe my own eyes and trust that the investigator is going to actually issue the dismissal. I want the panel to know that every investigator at the EEOC does it differently. And so, you know, the plaintiff's employment bar in particular will not love me for this if the decision comes out not in favor of Ms. Hayes that an email like this constitutes a right to sue notice. From now on, I will treat that as such to avoid it, just like I wish Ms. Austin just would have, like some investigators do, attached the notice of right to sue to the email, which they still do to this day even though they have that portal. I'm getting to your question, Judge Jordan, about how does this play out practically. I'm actually appealing this because I think the right decision needs to be made by this circuit. My client's claims, whether she's prejudiced by this or not, they're in state court now. You recall Judge Williams dismissed this once she dismissed the federal claims. Without prejudice, the New Jersey lad claims. So I'm looking just for clarification and clarity from this court for all employment law practitioners about this issue. How it plays out, maybe after we get that decision, you know, we proceed with just the state court claims in New Jersey lad. The last thing I want to say with my last 25 seconds is I just think the more appropriate example is I'm going to sue you and you're going to get a complaint. And you have 30 days to respond once you get the complaint. It doesn't trigger once you get that email or once I make that threat. It triggers once you actually get the complaint. I think I'm out of time, and thank you very much for hearing my case. Thanks very much, counsel. Appreciate the argument.